SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
DEC 1 1 2009
J. T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DOWDY & DOWDY PARTNERSHIP,**          PLAINTIFF
d/b/a WZKX (FM) RADIO STATION

VS.          CIVIL ACTION NO. 2:09cv253-KS-MTP

**ARBITRON INC., A DELAWARE**          DEFENDANTS
**CORPORATION; CLEAR CHANNEL**
**COMMUNICATIONS, INC., A FOREIGN**
**CORPORATION; CC LICENSE, LLC, AND**
**CHASE RADIO PROPERTIES, INC.;**
**ALOHA STATION TRUST, LLC, EACH A**
**FOREIGN LIMITED LIABILITY COMPANY**
**AND CAPSTAR TX LIMITED**
**PARTNERSHIP, A FOREIGN**
**PARTNERSHIP**

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, named defendant in the above-captioned matter, Arbitron Inc. ("Arbitron"), hereby removes this case from the Circuit Court of Jones County, Mississippi, Second Judicial District, in which it is now pending, to the United States District Court for the Southern District of Mississippi, Hattiesburg Division, and in support thereof states as follows:

### BACKGROUND

1.      Plaintiff Dowdy & Dowdy Partnership d/b/a WZKX Radio Station ("Dowdy & Dowdy") commenced this action on November 12, 2009, by filing a Complaint in the Circuit Court of Jones County, Mississippi, Second Judicial District, assigned Cause No. 2009-95-CV11, and styled "*Dowdy & Dowdy Partnership, d/b/a WZKX (FM) Radio Station v. Arbitron, Inc., a Delaware Corporation; Clear Channel Communications, Inc., a Foreign Corporation;*

*CC License, LLC, and Chase Radio Properties, Inc., Aloha Station Trust, LLC, Each a Foreign Limited Liability Company and Capstar TX Limited Partnership, a Foreign Partnership."*

2.  In the Complaint, Dowdy & Dowdy alleges that it owns FM broadcasting radio stations that competes in two radio markets with radio stations owned by "the Clear Chanel Defendants," which includes defendants Clear Channel Communications, Inc.; Chase Radio Properties, LLC; CC License, LLC; Aloha Station Trust, LLC; and Capstar TX, Limited Partnership. *See* Compl. at ¶¶ 10-11. Dowdy & Dowdy further alleges that defendant Arbitron provides listener demographics data to various radio stations and advertising agencies in the United States and Europe, which is used to negotiate advertising prices for radio advertisements. *Id.* at ¶ 8. Dowdy & Dowdy asserts that the Defendants "have jointly acted to create a trust or combine, or a combination, contract, understanding or agreement, express or implied", in violation of Miss. Code Ann. § 75-21-1, *et seq.* Compl. at ¶ 12. Specifically, Dowdy & Dowdy asserts that the Defendants "have restrained or attempted to restrain the freedom of trade or production within the radio broadcasting business . . . [and] have destroyed or have attempted to destroy competition within the radio broadcasting business by selling or offering Arbitron services to the [Clear Channel] Defendants at a much lower price than that offered or required to be paid by the Plaintiff", all in violation of Miss. Code Ann. § 73-21-3. Compl. at ¶ 14. Dowdy & Dowdy contends that the acts of the Defendants have caused "a destruction of [its] valuable business interest, loss of commercial standing and other financial consequences," and requests $4,500,000.00 in actual damages and $5,000,000.00 in punitive damages. *Id.* at ¶¶ 20, 18 (sic).

3.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served upon Defendants in this action is attached hereto as Exhibit A. A certified copy

of the file (including the Complaint) in the Circuit Court of Jones County, Mississippi, Second Judicial District, is attached hereto as Exhibit B.

## AMOUNT IN CONTROVERSY

4. On the face of the Complaint, Plaintiff asserts claims of actual damages in the sum of $4,500,000 and punitive damages in the sum of $5,000,000, which exceed the jurisdictional minimum of $75,000, exclusive of interest and costs, necessary for diversity of citizenship jurisdiction to exist pursuant to 28 U.S.C. § 1332. *See* Compl. at ¶¶ 20, 18 (sic).

## DIVERSITY OF CITIZENSHIP AMONG THE PARTIES

### Complete Diversity

5. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441(b) and 1446.

6. Plaintiff Dowdy & Dowdy alleges that it is, and was at the time this action was commenced, a partnership organized and existing under the laws of the state of Mississippi, which owns and operates businesses within the state of Mississippi. Compl. at ¶ 1. For purposes of determining diversity of citizenship jurisdiction, the citizenship of a partnership is determined by the citizenship of all of its partners. *See Wachovia Bank, N.A. v. Colson*, 2009 WL 1620464 (S.D. Miss. June 9, 2009), citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). On information and belief, all partners of Dowdy & Dowdy are Mississippi residents and/or entities.

7. Defendant Arbitron is, and was at the time this action was commenced, a corporation organized and existing under the laws of the state of Delaware, and has its principal place of business in the state of Maryland. For purposes of determining diversity of citizenship

- 3 -

jurisdiction, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8.  Defendant Clear Channel Communications, Inc., is, and was at the time this action was commenced, a corporation organized and existing under the laws of the state of Texas, and has its principal place of business in the state of Texas.

9.  Defendant CC Licenses, LLC, is, and was at the time this action was commenced, a limited liability corporation organized under the laws of the state of Delaware. For purposes of determining diversity of citizenship jurisdiction, the citizenship of a limited liability corporation is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). CC Licenses, LLC is composed of a single member, Clear Channel Broadcasting Licenses, Inc., which is a corporation organized and existing under the laws of the state of Nevada and has its principal place of business in the state of Texas.

10.  On information and belief, Defendant Chase Radio Properties, LLC, does not now, and did not at the time this action was commenced, exist. Therefore, it has no citizenship.

11.  Defendant Aloha Station Trust, LLC, is, and was at the time this action was commenced, a limited liability corporation organized under the laws of the state of Delaware. Aloha Station Trust, LLC is composed of a single member, Jeanette Tully, who is a citizen and resident of the state of Texas.

12.  Defendant Capstar TX, Limited Partnership, is, and was at the time this action was commenced, a limited partnership organized under the laws of the state of Delaware. The partners composing Capstar TX, Limited Partnership are AMFM Shamrock Texas, Inc., a corporation organized and existing under the laws of Texas and with its principal place of business in the state of Texas, and Capstar Radio Operating Company, Inc., a corporation

organized and existing under the laws of the state of Delaware and with its principal place of business in the state of Texas.

13. Because Plaintiff is a citizen of Mississippi, and Defendants are not, complete diversity of citizenship between Plaintiff and Defendants exists, thus satisfying the requirements of 28 U.S.C. § 1332.

## PROPRIETY OF REMOVAL

14. This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

15. This Notice is timely in accordance with 28 U.S.C § 1446(b), as it was filed within one year of the filing of the Complaint. The removal is within the thirty (30) day period for removal set forth in 28 U.S.C. §§ 1446(b), as Arbitron was served with process on November 13, 2009. Clear Channel Communications, Inc., was served November 16, 2009, and joins in the removal of this action, attached hereto as Exhibit C. Defendant Aloha Station Trust, LLC was served on November 16, 2009, and joins in the removal of this action, attached hereto as Exhibit D. Defendants CC Licenses, LLC; Chase Radio Properties, LLC; and Capstar TX, Limited Partnership have not been served and/or properly served, and therefore need not join in the removal.

16. The United States District Court for the Southern District of Mississippi, Hattiesburg Division, is the federal judicial district and division encompassing the Circuit Court of Jones County, Mississippi, Second Judicial District, where this suit was originally filed. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 104(b)(5) and 1441(a).

3060934.1/11487.10178

17. Written notice of the filing of this Notice of Removal is being given to Plaintiff and served Defendants, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jones County, Mississippi, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, notice is hereby given that this action is removed from the Circuit Court of Jones County, Mississippi, Second Judicial District, to the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

THIS the 11th day of December, 2009.

        Respectfully submitted,

        ARBITRON INC.

        By Its Attorneys
        WATKINS LUDLAM WINTER & STENNIS, P.A.

        By: _____
              NEVILLE H. BOSCHERT

Neville H. Boschert (MSB No. 3697)
Laura L. Gibbes (MSB No. 8905)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS 39205-0427
Telephone:   (601) 949-4900
Facsimile:    (601) 949-4804

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served by United States mail, postage paid, a true and correct copy of the foregoing document to each of the following:

Wayne Dowdy, Esq.
Dowdy & Cockerham
215 East Bay Street
P.O. Box 30
Magnolia, MS 39652

Robert L. Gibbs, Esq.
Brunini Grantham Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Bart Gavin
Jones County Circuit Clerk
P.O. Box 1336
Laurel, MS 39441

THIS the 11th day of December, 2009.

                                                  NEVILLE H. BOSCHERT