

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| **DOWDY & DOWDY PARTNERSHIP,** d/b/a WZKX (FM) RADIO STATION | PLAINTIFF |
| VS. | CIVIL ACTION NO. 2:09cv253KS-MTP |
| **ARBITRON INC., A DELAWARE CORPORATION; CLEAR CHANNEL COMMUNICATIONS, INC., A FOREIGN CORPORATION; CC LICENSE, LLC, AND CHASE RADIO PROPERTIES, INC.; ALOHA STATION TRUST, LLC, EACH A FOREIGN LIMITED LIABILITY COMPANY AND CAPSTAR TX LIMITED PARTNERSHIP, A FOREIGN PARTNERSHIP** | DEFENDANTS |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ARBITRON INC.

Defendant Arbitron Inc. ("Arbitron"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Dowdy & Dowdy ("Plaintiff" or "Dowdy"):

### ANSWER

Answering the first unnumbered paragraph of the Complaint, Arbitron admits that it is a Delaware corporation with its principal place of business in Columbia, Maryland; admits that Plaintiff is a partnership organized and existing under the laws of the State of Mississippi; avers that co-defendants Clear Channel Communications, Inc.; CC License LLC; Aloha Station Trust, LLC; and Capstar TX Limited Partnership are each citizens of states other than Mississippi; that co-defendant Chase Radio Properties, Inc. does not exist; and therefore, there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.

1. On information and belief, Arbitron admits that Dowdy & Dowdy Partnership is a partnership organized and existing under the laws of the state of Mississippi. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies such allegations.

2. Arbitron admits that it is qualified to transact business in the state of Mississippi, that it has appointed CT Corporation System as its agent for service of process, and affirmatively avers that it is a Delaware Corporation with its principal place of business located in Columbia, Maryland. Arbitron denies all remaining allegations contained in paragraph 2 of the Complaint.

3. On information and belief, Arbitron admits that Defendant Clear Channel Communications, Inc., is a corporation organized and existing under the laws of the state of Texas, and has its principal place of business in the state of Texas. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and therefore denies such allegations.

4. On information and belief, Arbitron admits that Defendant CC Licenses, LLC, is a limited liability corporation organized under the laws of the state of Delaware. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies such allegations.

5. On information and belief, Arbitron admits that Defendant Chase Radio Properties, LLC, does not now, and did not at the time this action was commenced, exist. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies such allegations.

DOCSNY-393887v01

3063645.1/11487.10178

6.  On information and belief, Arbitron admits that Defendant Aloha Station Trust, LLC, is a limited liability corporation organized under the laws of the state of Delaware. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore denies such allegations.

7.  On information and belief, Arbitron admits that Defendant Capstar TX, Limited Partnership, is a limited partnership organized under the laws of the state of Delaware. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies such allegations.

8.  Arbitron denies the allegations contained in paragraph 8 of the Complaint, except to admit that Arbitron licenses to its subscribers radio listening estimates in certain radio markets and to further admit, upon information and belief, that radio stations and advertisers use Arbitron listening instruments for, among other things, sale of on-air advertising.

9.  Arbitron is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except to admit upon information and belief that Defendant Clear Channel Communications, Inc., operates radio broadcasting stations in the Biloxi-Gulfport, Mississippi market and the Laurel-Hattiesburg, Mississippi market. Arbitron denies all remaining allegations contained in paragraph 9 of the Complaint.

10. Arbitron is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except to admit upon information and belief that Defendant Clear Channel Communications, Inc., operates radio

DOCSNY-393887v01
3063645.1/11487.10178

stations in the Laurel-Hattiesburg and Biloxi-Gulfport markets. Arbitron denies all remaining allegations contained in paragraph 10 of the Complaint.

11. Arbitron denies the allegations contained in paragraph 11 of the Complaint, except to admit upon information and belief that that WZKX is an FM broadcasting station.

12. Arbitron denies the allegations contained in paragraph 12 of the Complaint and affirmatively avers that the provisions of Miss. Code Ann. § 73-21-1, *et seq.* speak for themselves.

13. Arbitron denies the allegations contained in paragraph 13 of the Complaint and affirmatively avers that the provisions of Miss. Code Ann. § 73-21-3(e) speak for themselves.

14. Arbitron denies the allegations contained in paragraph 14 of the Complaint and affirmatively avers that the provisions of Miss. Code Ann. § 73-21-3 speak for themselves.

15. Arbitron denies the allegations contained in paragraph 15 of the Complaint.

16. Arbitron denies the allegations contained in paragraph 16 of the Complaint.

17. Arbitron denies the allegations contained in paragraph 17 of the Complaint and affirmatively avers that the provisions of Miss. Code Ann. § 73-21-3 speak for themselves.

18. Arbitron denies the allegations contained in paragraph 18 of the Complaint and affirmatively avers that the provisions of Miss. Code Ann. § 73-21-3 speak for themselves.

19. Arbitron denies the allegations contained in paragraph 19 of the Complaint.

20. Arbitron denies the allegations contained in paragraph 20 of the Complaint.

21. Arbitron denies the allegations contained in paragraph 21 of the Complaint, which is incorrectly designated as paragraph "18" therein.

DOCSNY-393887v01

3063645.1/11487.10178

## AFFIRMATIVE DEFENSES

And now, having affirmatively responded to Plaintiff's Complaint paragraph by paragraph, Arbitron asserts the following affirmative defenses:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

On or about November 1, 2001 Arbitron commenced an action in the United States District Court for the Southern District of New York entitled *Arbitron Inc. v. Tralyn Broadcasting, Inc., JMD Inc., d/b/a WLNF-FM/WROA-AM/WZKX-FM/WGCM-AM-FM*, Civil Action No. 01 CV 9652 (RWS) (hereinafter, "the New York action"). Upon information and belief, Plaintiff Dowdy & Dowdy is owned and controlled by J. Morgan Dowdy, the same individual who owns and controls JMD, Inc. ("JMD") and radio stations WLNF-FM, WROA-AM, WZKX-FM, and WGCM-AM-FM.

In the New York action, Arbitron asserted claims for breach of contract and an account stated arising from JMD's failure to make payments under two license agreements with Arbitron assumed by JMD when it acquired radio station WLNF-FM, adding that station to the group of stations owned and/or operated by JMD. On or about July 10, 2008, Arbitron obtained judgment against JMD in the amount of $487,853.61. That judgment has been transcribed in the Office of the Clerk of the United States District Court for the Southern District of Mississippi, Southern Division, and Arbitron is now in the process of enforcing that judgment in proceedings now pending in that court.

On information and belief, Plaintiff's claims in this action are based, *inter alia*, on the very same agreements and operative facts previously litigated in the New York action in which

Arbitron has already obtained final judgment. By reason of the foregoing, Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel by judgment and collateral estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by expiration of the applicable statute of limitations.

### FOURTH DEFENSE

Upon information and belief, Plaintiff's radio station WZKX-FM is one of a group of radio stations owned by JMD which at one time was a contract licensee of Arbitron pursuant to one or more written license agreements. As such, Plaintiff and the individuals who own or control it, was or should have been aware of the facts giving rise to this action since at least 2001, if not earlier. Thus, Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of laches, estoppel and waiver.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the equitable doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiff failed to plead allegations of fraud, if any, and/or conspiracy with sufficient particularity.

### SEVENTH DEFENSE

Plaintiff failed to plead items of special damages, if any, with sufficient particularity.

### EIGHTH DEFENSE

Plaintiff's claims are barred or reduced because it failed to mitigate damages.

DOCSNY-393887v01
3063645.1/11487.10178

## NINTH DEFENSE

Plaintiff's damages, if any, were not caused, in whole or in part, by the conduct of Arbitron or its agents or employees.

## TENTH DEFENSE

To the extent punitive damages may be claimed by Plaintiff, Plaintiff's claims are barred and/or subject to Miss. Code Ann. § 11-1-65, which pertains to the imposition of punitive damages.

## ELEVENTH DEFENSE

At all times relevant to this Complaint, Arbitron acted with good faith and fair dealing toward Plaintiff and, at all times, had an arguable basis in fact and law for its actions. Thus, no factual or legal basis exists for any award of extra-contractual damages or punitive damages.

## TWELFTH DEFENSE

To the extent punitive damages may be claimed by Plaintiff, any award of punitive damages would violate the rights of Arbitron as guaranteed by Article I and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and by Article 1, §§ 1, 6 and 22, and Article 3, §§ 14, 16, 22, 26, 28 and 31 of the Mississippi Constitution.

## THIRTEENTH DEFENSE

Arbitron is without knowledge or information sufficient to form a belief as to whether other affirmative defenses may apply in this matter. Arbitron expressly reserves its right to raise any additional affirmative defenses which may be revealed by investigation or discovery.

HAVING ANSWERED PLAINTIFF'S COMPLAINT, Arbitron prays that a judgment be entered in its favor on all claims asserted against it in this matter and that all claims asserted against it be dismissed with prejudice. Arbitron prays for any further relief this Court may deem

appropriate, including, but not limited to, an award of all costs, fees and expenses incurred in defending this matter.

THIS the 11th day of December, 2009.

Respectfully submitted,

ARBITRON INC.

By Its Attorneys
WATKINS LUDLAM WINTER & STENNIS, P.A.

By: _____
NEVILLE H. BOSCHERT

Neville H. Boschert (MSB No. 3697)
Laura L. Gibbes (MSB No. 8905)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS 39205-0427
Telephone:   (601) 949-4900
Facsimile:   (601) 949-4804

DOCSNY-393887v01

3063645.1/11487.10178

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served by United States mail, postage paid, a true and correct copy of the foregoing document to each of the following:

Wayne Dowdy, Esq.
Dowdy & Cockerham
215 East Bay Street
P.O. Box 30
Magnolia, MS 39652

Robert L. Gibbs, Esq.
Brunini Grantham Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

THIS the 11th day of December, 2009.

_____
NEVILLE H. BOSCHERT