IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DOWDY & DOWDY PARTNERSHIP,**
**d/b/a WZKX (FM) RADIO STATION**                                                **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:09cv253 KS-MTP**

**ARBITRON INC., ADELA WARE CORPORATION;**
**CLEAR CHANNEL COMMUNICATIONS, INC., A FOREIGN**
**CORPORATION; CC LICENSE, LLC, AND CHASE RADIO**
**PROPERTIES, INC.; ALOHA STATION TRUST, LLC, EACH**
**A FOREIGN LIMITED LIABILITY COMPANY AND CAPSTAR**
**TX LIMITED PARTNERSHIP, A FOREIGN PARTNERSHIP**        **DEFENDANTS**


## ORDER

This matter is before the court on Motions to Stay **[#35]** and **[#37]**, filed on behalf of the defendants Arbitron, Inc., Clear Channel Communications, Inc., Capstar TX Limited Partnership, LLC, and Aloha Station Trust, LLC.  The court having reviewed the motions and being advised that no response has been filed and being otherwise fully advised in the premises finds that the motions are well taken and should be granted. The court specifically finds as follows:

Plaintiff Dowdy & Dowdy Partnership, d/b/a WZKX (FM) Radio Station ("Plaintiff'), filed this action in the Circuit Court of Jones County, Mississippi, Second Judicial District, on November 12, 2009, against Arbitron, Clear Channel Communications, Inc. ("Clear Channel") and four other defendants alleged to be wholly-owned subsidiaries of Clear Channel (together with Clear Channel, the "Clear Channel Defendants"). The Complaint alleges that the defendants have conspired with the intent to destroy competition in the radio broadcast industry: (1) by selling or offering

Arbitron's services to the Clear Channel Defendants at a price lower than that charged to Plaintiff; (2) through Arbitron's enforcement of its license agreements against Plaintiff while waiving escalation clauses in the Clear Channel Defendants' contracts and performing "other acts" for the benefit of the Clear Channel Defendants; and (3) by otherwise conspiring for the purpose of injuring Plaintiffs business.  Arbitron removed this action to this federal court and answered the Complaint on December 11, 2009.

On July 23, 2010, Arbitron filed a 12(c) Motion for Judgment on the Pleadings, asking this court to grant a judgment in Arbitron's favor alleging the plaintiff's Complaint does not allege any facts supporting its conclusory allegations that the defendants acted jointly and pursuant to an understanding, agreement or conspiracy to restrain trade, among other grounds.  On September 10, 2010, defendants Clear Channel Communications, Inc., Capstar TX Limited Partnership, LLC, and Aloha Station Trust, LLC filed a Motion for Judgment on the Pleadings as well.

The United States Court of Appeals for the Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery. *Landry v. Air Line Pilots Ass 'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990), *cert. denied*, 111 S. Ct. 244 (1990); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.RD. 689 (M.D. Fla. 2003), *aff'd,* 87 Fed. Appx. 713 (11th Cir. 2003) (good cause to stay discovery exists where "resolution of preliminary motion may dispose of entire action.").

This court has discretion to grant this type of stay based on Federal Rule of Civil

Procedure 26(c). Rule 26(c) provides that the court, "may, for good cause shown, issue an order to protect a party or person from . . . undue burden or expense." Fed. R Civ. P. 26(c). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Spencer Trask Software and In'l Servs., LLC v. Rpost Int'l Lim.*, 206 F.RD. 367, 368 (S.D.N.Y. 2002).

The court finds that good cause to grant a stay of discovery exists here. The defendants have filed dispositive motions seeking the dismissal of the Complaint with prejudice for failure to satisfy the pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). The defendants assert that the plaintiff's sole antitrust claim does not meet *Twombly's* plausibility standard because it lacks basic factual support for its conclusory allegations of a conspiracy among Arbitron and the Clear Channel defendants to restrain trade or harm the plaintiff's business through discriminatory pricing. The plausibility standard is intended to avoid the expense of far-reaching discovery in cases where the complaint is insufficient to support "a reasonably founded hope that the discovery process will reveal relevant evidence." *Twombly*, 550 U.S. at 559, 127 S. Ct. at 1967 (citations omitted). Proving an antitrust conspiracy of unspecified timing and scope is precisely the type of "sprawling, costly, and hugely time consuming undertaking" that should not be commenced on the strength of a complaint consisting entirely of conclusory allegations and vague generalities. *See id.* at n.6.

The equities and potential harm to the defendants also weigh heavily in favor of granting a stay of discovery. Regardless of the defendants' contention that the vacuity

of the plaintiff's Complaint makes it difficult to discern the scope of relevant discovery in this matter, it is possible that the plaintiff's discovery requests would require the defendants to image, search, and collect large amounts of electronic and paper documents.  In light of the requirements regarding discovery of electronically stored information and depending on the scope of discovery the plaintiff intends to serve, the defendants' search for and production of documents could potentially be very expensive.

In comparison, an entity such as the plaintiff which is far smaller will likely only incur a fraction of the defendants' discovery costs.  Since *Twombly* contemplates that unnecessary discovery costs should be averted where a complaint is insufficient, discovery in this case should be stayed until the court determines whether the pleading standard under *Twombly* has been met.  Moreover, the requested stay should be granted because it will be effective for only a short period of time, while the court considers the pending 12(c) Motions for Judgment on the Pleadings.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Stay **[#35]** and **[#37]**, filed on behalf of the defendants Arbitron, Inc., Clear Channel Communications, Inc., Capstar TX Limited Partnership, LLC, and Aloha Station Trust, LLC are granted and all discovery in this matter is stayed pending disposition of the pending motions to dismiss.

SO ORDERED AND ADJUDGED this the 30th day of September, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE