IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DOWDY & DOWDY PARTNERSHIP,**
**d/b/a WZKX (FM) RADIO STATION**                              **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:09cv253 KS-MTP**

**ARBITRON INC., ADELA WARE CORPORATION;**
**CLEAR CHANNEL COMMUNICATIONS, INC., A FOREIGN**
**CORPORATION; CC LICENSE, LLC, AND CHASE RADIO**
**PROPERTIES, INC.; ALOHA STATION TRUST, LLC, EACH**
**A FOREIGN LIMITED LIABILITY COMPANY AND CAPSTAR**
**TX LIMITED PARTNERSHIP, A FOREIGN PARTNERSHIP**          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Judgment on the Pleadings **[#28]** filed on behalf of the defendant, Arbitron, Inc.  The court, having reviewed the motion and supporting brief, the pleadings and exhibits on file and being advised that the plaintiff has failed to file a response finds that the motion is well taken and should be granted.  The court specifically finds as follows:

## FACTUAL BACKGROUND

Arbitron licenses audience measurement reports and information including radio ratings to broadcasters, advertising agencies and advertisers for use in, among other things, setting advertising rates.  Defendant Clear Channel Communications, Inc. ("Clear Channel") operates more than 1000 radio stations throughout the United States, including radio stations in the Biloxi-Gulfport and Laurel-Hattiesburg markets.

On November 12, 2009, Plaintiff filed the Complaint against Arbitron, Clear

Channel and four other defendants alleged to be wholly-owned subsidiaries of Clear Channel (together with Clear Channel, the "Clear Channel Defendants").  The Complaint was originally filed in the Circuit Court of Jones County, Mississippi, Second Judicial District.  On December 11, 2009, Arbitron removed the action to this Court.  The Complaint alleges that the defendants have together conspired with the intent to destroy competition in the radio broadcast industry: (1) by selling or offering Arbitron's services to the Clear Channel Defendants at a price lower than that charged to Plaintiff; (2) through Arbitron's enforcement of its license agreements against Plaintiff while waiving escalation clauses[1] in the Clear Channel Defendants' contracts and performing "other acts" for the benefit of the Clear Channel Defendants; and (3) by otherwise conspiring for the purpose of injuring the Plaintiff's business.  Plaintiff also alleges that Arbitron charges disparate rates for the same services to different radio stations in the same and in different radio markets in violation of Miss. Code Ann. § 75-21-3(e).  The Complaint also alleges that Defendants' wilful acts committed with the intent to injure Plaintiff allegedly caused actual damages of $4,500,000.

     Arbitron asserts that the Complaint does not allege any facts supporting its conclusory allegations that the Defendants acted jointly and pursuant to an understanding, agreement or conspiracy to restrain trade and that the Complaint lacks any factual support for the general allegations that the Clear Channel Defendants paid less for the same services licensed by Plaintiff, that Arbitron waived escalation clauses

---

[1] Arbitron points out that the Complaint does not identify which contractual provision in the Clear Channel Defendants' contracts Plaintiff considers to be an "escalation clause," nor does it otherwise define that term.

or performed other acts for the benefit of the Clear Channel Defendants, or that Arbitron charged different prices for the same services in the same or different markets.  Arbitron also contends that the Complaint also fails to identify any particular service which Arbitron offers for different prices in different locations.

Finally, Arbitron argues that the Complaint does not allege the following facts: (1) that Plaintiff had a license agreement with Arbitron; (2) the services allegedly licensed to Plaintiff under that agreement; or (3) the prices paid for those services.  Nor were the services licensed by the Clear Channel Defendants, and the prices paid for those services, included in the Complaint.

## **STANDARD OF REVIEW**

Arbitron has moved for dismissal under Rule 12(c), Federal Rules of Civil Procedure.  The standard of review under Rule 12(c) is the same as under Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004).  In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations

omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

Since the 12(b)(6) motion may only test the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).  Therefore, any motion which challenges the subject matter jurisdiction of the Court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P.  Therefore, while technically a 12(c) motion may be made at any time, even after a responsive pleading is filed, the Court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.

A complaint must be dismissed under Rule 12(b)(6), and, therefore, under Rule 12(c), unless it contains sufficient facts to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555, 127 S. Ct. 1955, 1965 (2007).[2]  A complaint does not pass muster if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.*, 550 US. at 555-56, 127 S. Ct. at 1965.  As the Supreme Court recently held, "where the well-pleaded facts

---

[2]  Federal law, and not state law, provides the standard for the specificity of a pleading. *Trotter v. Eli Lilly*, 2006 US. Dist. LEXIS 53902, *2-3 (S.D. Miss. Aug. 2, 2006) (quoting Hanna v. Plumer, 380 US. 460, 85 S. Ct. 1136 (1965)).

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, _ US. _, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

In this case, the Plaintiff's sole claim for antitrust violations is based upon alleged violations of Miss. Code Ann. § 75-21-3.  Courts have treated claims under this statute as analytically identical to claims under Sections 1 and 2 of the Sherman Antitrust Act. *See Walker v. U-Haul Co. of Miss.* , 734 F.2d 1068, 1070 n.5 (5th Cir. 1984); *Futurevision Cable Sys. of Wiggins, Inc. v. Multivision Cable TV Corp.*, 789 F. Supp. 760, 780 (S.D. Miss. 1992); *Lake Hill Motors, Inc. v. Yamaha Motor Co.*, Civ. Act. No. 1:97CV395-BD, 1999 WL 815606, * 4 (N.D. Miss. August 23, 1999).

"In order to state a claim for a violation of Section 1, the plaintiff must allege (1) the existence of a conspiracy, (2) affecting interstate commerce, (3) that imposes an 'unreasonable' restraint of trade."  *Dillard v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 961 F. 2d 1148, 1158 (5th Cir. 1992); quoting *White & White v. Am. Hosp. Supply Corp.*, 723 F. 2d 495, 504 (6th Cir. 1983).  To support an antitrust claim under Section 1 of the Sherman Act, the complaint must contain enough factual matter to suggest that an agreement among the alleged conspirators was actually made.  *Twombly*, 550 US. 544, 556, 127 S. Ct. 1955, 1965.  A "bare allegation of conspiracy" and "a conclusory allegation of agreement at some unidentified point" are insufficient to plead illegal antitrust activity.  *See id.* at 550 US. at 556-57, 127 S. Ct. 1965-66.  Not only does the naked allegation of a conspiracy, without additional facts, not state a plausible antitrust claim, *id.,* 550 US. at 557, n.5, 127 S. Ct. at 1966, such conclusory allegations  are not

entitled to be accepted as true for the purposes of this motion.  *See Iqbal*, 129 S. Ct. at 1950.

## **ANALYSIS**

The Complaint filed in this matter alleges that the Defendants were part of a conspiracy whereby Arbitron gave lower rates and other preferential treatment to the Clear Channel Defendants.  Arbitron asserts that the Complaint, however, contains no facts that demonstrate that an agreement among the alleged conspirators was actually made nor does Plaintiff reveal when, where, or how the conspiracy was formed. Arbitron also contends that the Complaint never shows that the Defendants ever communicated regarding an agreement, or that they shared a common goal to restrain trade.  Thus, according to Arbitron, without any facts to support the bare allegation of a conspiracy, the antitrust claim does not meet the plausibility standard required to survive a motion to dismiss under current U. S. Supreme Court precedent and must be dismissed.

A review of the Complaint filed in this case convinces the court that it falls far short of the *Twombly* standard.  The Plaintiff's cause of action is based on an alleged conspiracy among Arbitron and the Clear Channel Defendants to restrain trade or harm the Plaintiff, but the Complaint contains no factual support whatsoever to support the existence of a conspiracy.  The Plaintiff does not offer a single fact to suggest that the Defendants ever agreed to restrain trade, communicated regarding the restraint of trade, or shared a common intent to restrain trade.  Plaintiff does not reveal when, where, or how the conspiracy was supposedly formed.  Under *Twombly*, such a bare

allegation of a conspiracy does not state a claim because it lacks the factual enhancement needed to render the existence of a conspiracy plausible.  *See, Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.

Likewise, Arbitron argues that Plaintiff's allegation that Arbitron discriminated against Plaintiff in pricing its services also lacks basic factual support in the Complaint. Arbitron points out that Plaintiff does not allege that it had a contract of any kind with Arbitron, that it received services from Arbitron pursuant to that contract, or that it paid Arbitron for the services.  Indeed, the Complaint also fails to disclose the services licensed to any of the Defendants and the prices charged for those services.  Thus, Arbitron asserts that to the extent Plaintiff alleges price discrimination by location pursuant to Miss. Code Ann. § 75-21-3(e), the Complaint does not identify the locations in which disparate prices were charged and in the absence of these basic facts, Plaintiff's price discrimination claim is implausible and should be dismissed.

The Plaintiff is asking this court to find a plausible conspiracy based on the allegations that Arbitron charged a lower price for services Arbitron provided to the Clear Channel Defendants than to Plaintiff, charged different prices to different licensees in the same or different markets, and enforced its prior license agreements against Plaintiff while supposedly waiving escalation clauses in the Clear Channel Defendants' contracts.  These allegations are insufficient to plead a conspiracy because they support only the mere possibility that an antitrust conspiracy existed.  A plaintiff must do more than plead facts that may be consistent with a conspiracy - it must plead facts that suggest a prior agreement between the Defendants.  *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.

As Aribitron states, while one might expect that if the Defendants were part of an anti-competitive conspiracy, Arbitron might have offered the Clear Channel Defendants a lower price for its services, such an allegation does not make the existence of a conspiracy plausible since offering a large customer a lower price for a service is "just as much in line with a wide swath of rational and competitive business strategy" and may very well not be the product of a conspiracy. *Id.*, 550 U.S. at 554, 127 S. Ct. at 1964.

Furthermore, the Plaintiff's broad allegations of favorable pricing terms are not entitled to be presumed true because they are merely conclusory allegations lacking any specific factual support. "[F]ormulaic recitation of the elements of a cause of action" are not entitled to be presumed true. *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 u.s. at 555, 127 S. Ct. at 1955). Plaintiff does not allege that it had a license agreement with Arbitron, nor does it identify the services it licensed from Arbitron, the markets in which it licensed those services, and the prices it paid for those services. Similarly, Plaintiff does not identify the services licensed by each of the Clear Channel Defendants in each of the markets and the prices paid for those services. Without this information, the allegations that Arbitron offered lower prices to the Clear Channel Defendants and offered disparate prices within a given market are purely conclusory and lack the factual support required for a plausible claim under *Twombly* and *Iqbal*.

The Complaint also fails to state a claim under Miss. Code Ann. § 75-21-3(e)[3]

---

[3] Miss. Code Ann. § 75-21-3(e) is the only statute specifically cited in the Complaint. That section creates liability for a person who "shall destroy or attempt to destroy competition by rendering any service ... for a less price in one locality than in another," subject to further limitations, including the intent to restrain trade. *Wagley v. Colonial Baking Co.*, 46 So. 2d. 925 (Miss. 1950) (*en banc*).

because it does not allege that Arbitron offers a service for which it has charged different prices in different localities, as required by the express language of the statute. Nowhere in the Complaint does Plaintiff identify a particular service offered by Arbitron, two or more locations where that service is licensed, and the disparate prices for which it is licensed.  The Complaint even lacks a general allegation of geographic price discrimination.  As such, Plaintiff has failed to plead the basic factual underpinnings of its cause of action, and failed to provide notice to Defendants of the nature of its claim.

Arbitron argues that the Plaintiff should not be given the opportunity to gather these basic, threshold facts via discovery when the proper time for gathering evidentiary support for the factual allegations required pursuant to the *Twombly* and *Iqbal* decisions is prior to the filing of the Complaint.  *See* Fed. R. Civ. P. 11(b)(3); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866,874 (5th Cir. 1988)(*en banc*).  The plausibility standard of pleading is intended to avoid the expense of far-reaching discovery in cases where the complaint is insufficient to support "a reasonably founded hope that the discovery process will reveal relevant evidence."  *Twombly*, 550 U.S. at 559, 127 S. Ct. at 1967 (citations omitted).  Proving an antitrust conspiracy of unspecified timing and scope is precisely the type of "sprawling, costly, and hugely time-consuming undertaking" that should not be commenced on the strength of a Complaint consisting entirely of conclusory allegations and vague generalities.  *See id.* at n.6.  The court concludes that Plaintiff has not alleged facts suggesting the existence of a conspiracy among the Defendants and that it should now be dismissed.  This is further amplified by the failure of the Plaintiff to even respond to this motion in a timely fashion.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion for Judgment

on the Pleadings **[#28]** filed on behalf of the defendant, Arbitron, Inc. is granted and the Complaint is dismissed without prejudice as to Aribitron, Inc.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 6th day of October, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE