IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DOWDY & DOWDY PARTNERSHIP,**
**d/b/a WZKX (FM) RADIO STATION**                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:09cv253 KS-MTP**

**CLEAR CHANNEL COMMUNICATIONS, INC., A FOREIGN**
**CORPORATION; CC LICENSE, LLC, AND CHASE RADIO**
**PROPERTIES, INC.; ALOHA STATION TRUST, LLC, EACH**
**A FOREIGN LIMITED LIABILITY COMPANY AND CAPSTAR**
**TX LIMITED PARTNERSHIP, A FOREIGN PARTNERSHIP**         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Judgment on the Pleadings **[#38]** filed on behalf of the defendants, Clear Channel Communications, Inc. ("Clear Channel"), Capstar TX Limited Partnership ("Capstar"), and Aloha Station Trust, LLC ("Aloha Station Trust") (collectively, "Clear Channel"). Also before the court is a Motion to Strike a portion of the defendants' motion filed on behalf of the Plaintiff, Dowdy & Dowdy Partnership, d/b/a WZKX (FM) Radio Station **[#46]**. The court, having reviewed the motions, responses, supporting briefs, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion for judgment on the pleadings is well taken and should be granted and that the motion to strike should be denied as moot. The court specifically finds as follows:

## FACTUAL BACKGROUND

Former defendant Arbitron licenses audience measurement reports and

information including radio ratings to broadcasters, advertising agencies and advertisers for use in, among other things, setting advertising rates.  Defendant Clear Channel Communications, Inc. ("Clear Channel") operates more than 1000 radio stations throughout the United States, including radio stations in the Biloxi-Gulfport and Laurel-Hattiesburg markets.

On November 12, 2009, Plaintiff filed the Complaint against Arbitron, Clear Channel and four other defendants alleged to be wholly-owned subsidiaries of Clear Channel, the "Clear Channel Defendants".  The Complaint was originally filed in the Circuit Court of Jones County, Mississippi, Second Judicial District.  On December 11, 2009, Arbitron removed the action to this Court.

The Complaint alleges that the defendants have together conspired with the intent to destroy competition in the radio broadcast industry: (1) by selling or offering Arbitron's services to the Clear Channel Defendants at a price lower than that charged to Plaintiff; (2) through Arbitron's enforcement of its license agreements against Plaintiff while waiving escalation clauses in the Clear Channel Defendants' contracts and performing "other acts" for the benefit of the Clear Channel Defendants; and (3) by otherwise conspiring for the purpose of injuring the Plaintiff's business.  Plaintiff also alleges that Arbitron charges disparate rates for the same services to different radio stations in the same and in different radio markets in violation of Miss. Code Ann. § 75-21-3(e).  The Complaint also alleges that Defendants' wilful acts committed with the intent to injure Plaintiff allegedly caused actual damages of $4,500,000.

The Clear Channel Defendants assert that the Complaint does not allege any facts supporting its conclusory allegations that the Defendants acted jointly and

pursuant to an understanding, agreement or conspiracy to restrain trade and that the Complaint lacks any factual support for the general allegations that the Clear Channel Defendants paid less for the same services licensed by Plaintiff, that Arbitron waived escalation clauses or performed other acts for the benefit of the Clear Channel Defendants, or that Arbitron charged different prices for the same services in the same or different markets. Arbitron also contends that the Complaint also fails to identify any particular service which Arbitron offers for different prices in different locations.

Finally, the Clear Channel Defendants argue that the Complaint does not allege the following facts: (1) that Plaintiff had a license agreement with Arbitron; (2) the services allegedly licensed to Plaintiff under that agreement; or (3) the prices paid for those services. Nor were the services licensed by the Clear Channel Defendants, and the prices paid for those services, included in the Complaint.

## STANDARD OF REVIEW

Arbitron has moved for dismissal under Rule 12(c), Federal Rules of Civil Procedure. The standard of review under Rule 12(c) is the same as under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004). In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.

We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

Since the 12(b)(6) motion may only test the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990). However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss. *See Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954). Therefore, any motion which challenges the subject matter jurisdiction of the Court would be proper at any time, even up until trial. Rule 12(h)(3), Fed.R.Civ.P. Therefore, while technically a 12(c) motion may be made at any time, even after a responsive pleading is filed, the Court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it. If any matters outside the complaint are considered, the motion is converted to one for summary judgment.

A complaint must be dismissed under Rule 12(b)(6), and, therefore, under Rule 12(c), unless it contains sufficient facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555, 127 S. Ct. 1955, 1965 (2007).[1]

---

[1] Federal law, and not state law, provides the standard for the specificity of a pleading. *Trotter v. Eli Lilly*, 2006 US. Dist. LEXIS 53902, *2-3 (S.D. Miss. Aug. 2, 2006) (quoting Hanna v. Plumer, 380 US. 460, 85 S. Ct. 1136 (1965)).

A complaint does not pass muster if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*, 550 US. at 555-56, 127 S. Ct. at 1965.  As the Supreme Court recently held, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[ n] - that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, _ US. _, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

## ANALYSIS

The Complaint filed in this matter alleges that the Defendants were part of a conspiracy whereby Arbitron gave lower rates and other preferential treatment to the Clear Channel Defendants.  Defendants assert that the Complaint, however, contains no facts that demonstrate that an agreement among the alleged conspirators was actually made nor does Plaintiff reveal when, where, or how the conspiracy was formed. Defendants also contend that the Complaint never shows that the Defendants ever communicated regarding an agreement, or that they shared a common goal to restrain trade.

The court has previously granted a motion for judgment on the pleadings in favor of former defendant Arbitron, Docket No. 43 and entered judgment thereon , #44, on October 6, 2010. The present motion is nearly identical to the one filed on behalf of Arbitron and advances the same reasons for requesting dismissal of the plaintiff's Complaint.

The court has carefully considered the present motion and the pleadings and

exhibits on file. Unlike in dealing with the Arbitron motion, the plaintiff has responded to this motion. Unfortunately, the response is nothing more than a rote recital of the same conclusory allegations of the Complaint. Thus, for the reasons set forth in the court's previous order granting Arbitron's motion, #43, the court finds that the Clear Channel Defendants are also entitled to a dismissal of the plaintiff's Complaint. The court hereby incorporates and adopts that October 6, 2010 Order, #43, as the reasoning in this case and finds that the Clear Channel Defendants are entitled to be dismissed from this litigation.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings **[#38]** filed on behalf of the defendants, Clear Channel Communications, Inc., Capstar TX Limited Partnership and Aloha Station Trust, LLC is granted and the Complaint is dismissed without prejudice as to all three of these defendants.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike **[#46]** filed on behalf of the Plaintiff is denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 24th day of November, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE